**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

<u>**CIVIL MINUTES - GENERAL**</u>

Case No. SACV 11-0192-DOC (MLGx)            Date: December 14, 2011

Title: MICHAEL J. DOBSON, ET AL. -V- TWIN CITY FIRE INSURANCE COMPANY, ETC., ET AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>   Julie Barrera   </u>                       <u>   Not Present   </u>
Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                     NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER (1) GRANTING DEFENDANTS' MOTION FOR A RULE 16 PRE-TRIAL CONFERENCE AND APPOINTMENT OF SPECIAL MASTER; (2) DENYING PLAINTIFFS' MOTION TO COMPEL

       Before the Court is (1) Defendants' Motion for a Rule 16 Pre-Trial Conference and the Appointment of a Special Master (Dkt. 60), and (2) Plaintiffs' Motion to Compel Production of Documents (Dkt. 63). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the motions hearing set for December 22, 2011 at 8:30 a.m. is vacated for the purpose of hearing the motions. However, the parties are ordered to appear at that time for the purpose of conducting the requested Rule 16 conference regarding discovery.

       After considering the moving, opposing and replying papers thereon, and for the reasons stated below, the Court hereby (1) GRANTS the Motion for a Rule 16 Conference and Appointment of Special Master, and (2) DENIES the Motion to Compel.

    **I.**     **BACKGROUND**

       Plaintiffs Michael J. Dobson, Richard D. Teasta, and Allen F. Braun (collectively, the "Insureds") are the former officers of EZ Lube, LLC ("EZ Lube"). The Insureds allege they are covered under a Director and Officers insurance policy ("D&O Policy") effective from April 22, 2009, to November 13, 2015, ("Policy Period") and underwritten by Defendant Twin City Fire Insurance

Company ("Twin City") and its parent company Hartford Financial Services Group, Inc., ("Hartford") (collectively, "Defendants"). Pursuant to the D&O Policy, the Insureds are allegedly covered in their capacity as directors and officers of EZ Lube with a $10,000,000 aggregate limit of liability.

The Insureds allege that, under to the D&O Policy, they are covered for "[l]oss on behalf of the Insured Persons resulting from an Insured Person Claim first made against the Insured persons during the Policy Period . . . for a Wrongful Act by the Insured Persons . . . ." They also allege that the D&O Policy defines "loss" as "the amount that the Insureds are legally liable to pay solely as a result of a Claim . . . including Defense Costs, compensatory damages, settlement amounts, pre- and post-judgment interests, costs awarded pursuant to judgements . . . ."

On December 9, 2008, EZ Lube filed a voluntary petition under Chapter 11 Bankruptcy. The Joint Plan of Reorganization confirmed by the Bankruptcy Court allegedly established a Plan of EZ Lube and Xpress Lube-Tech, Inc. (the "Plan") for the benefit of the unsecured creditors of the Debtors (the "Committee"). On August 6, 2010, Invotex, Inc., ("Invotex") as trustee for the Plan trust, filed a Complaint (the "Invotex Complaint"), SACV 10-1189 DOC, ("Invotex Action") alleging claims arising from a transaction involving EZ Lube that occurred in December 2005 ("LBO Transaction"). In the Invotex Complaint, Invotex alleges that the Insureds, as former officers and directors of EZ Lube, breached their fiduciary duties instructing and consummating the LBO Transaction and received fraudulent transfers. Pursuant to the Invotex Complaint, Invotex seeks to avoid and recover approximately $42 million in transfers made to the Insureds and, pursuant to the breach of fiduciary duty claim, $38,827,968 from the Insureds as jointly and severally liable defendants.

The Insureds allege that because they were officers and directors of EZ Lube during the relevant time period, they are covered by the D&O Policy in relation to the Invotex Action and thus Defendants have a duty to reimburse the defense fees and costs as incurred, as well a duty to indemnify them against future loss. Defendants, however, allegedly denied coverage under the D&O Policy on many different grounds.

After Defendants filed their first motion to dismiss, denied by the Court on April 14, 2011, the Insureds filed a motion for leave to join Plaintiff Ironshore Indemnity, Inc. ("Ironshore"), which Defendants did not oppose. After Defendants refused to defend the Insureds, the Insureds turned to Ironshore for coverage in the Invotex action. Ironshore had previously issued EZ Lube an excess D&O policy with limits of $5,000,000, excess of the underlying Twin City Policy. (FAC, Ex. W, p. 321.) Ironshore ultimately settled the Invotex action and the Insureds subsequently assigned their bad faith and breach of contract claims against Defendants to Ironshore. The Court granted leave to join Ironshore as a Plaintiff.

On September 19, 2011, shortly after Ironshore was joined, the Plaintiffs filed their FAC. The FAC asserts claims for: (1) breach of contract (duty to reimburse defense costs); (2) breach of contract (duty to indemnify); (3) tortious breach of the implied covenant of good faith and fair dealing;

(4) subrogation; (5) declaratory relief and judgment; and, (6) negligent infliction of emotional distress.[1]

## II. DISCUSSION

### A. Rule 16 Conference

Under Rule 16(a), "the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating settlement." Fed. R. Civ. P. 16(a).

Defendants seek a pretrial conference regarding discovery and/or an order appointing a special master. Plaintiffs filed a notice of non-opposition to this request.

For the purpose of discouraging wasteful pretrial activities, the Court grants the request and orders the parties to appear for a Rule 16 Conference regarding discovery on December 22, 2011 at 8:30 a.m. The Court will also appoint a special master at the hearing.

### B. Motion to Compel

Rule 26(b)(1) permits discovery of "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26(b) is liberally interpreted, permitting discovery of all relevant information even if it may not be admissible at trial. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 635 (C.D. Cal. 2005). Under Rule 34(a), "[a]ny party may serve on any other party a request . . . to produce . . . any designated documents . . . which are in the possession, custody, or control of the party upon whom the request is served[.]" Fed. R. Civ. P. 34(a).

Plaintiffs' motion to compel is based on their request for documents "related to Defendants' claims-handling procedures and loss reserves." (Not. of Mot. at 1.) Specifically, Plaintiffs seek "the amount of loss reserves, and the analysis in support of that amount." (Joint Stip. at 1.) Plaintiffs maintain that loss reserves are relevant to their bad faith claim. (*Id.* at 2)

Defendants oppose, arguing that production of the confidential insurance reserves information sought by Plaintiffs is improper because such information cannot be used as an admission

---

[1] The first two claims are brought by Ironshore as assignee of the Insureds, the third claim is brought by all Plaintiffs, the fourth claim is brought by Ironshore, the fifth claim is brought by all Plaintiffs, and the sixth claim is brought by the Insureds.

of liability.[2] (*Id.*) Defendants further maintain that they have already produced all responsive, non-privileged documents. (*Id.* at 3.) Defendants object to producing information on reserves because they are protected by trade secret. (*Id.* at 19.) More specifically, confidential and proprietary formulas are used to determine reserve amounts. (*Id.*) Defendants also object to producing the claims handling documents, asserting that Plaintiffs' request is overbroad, burdensome, annoying, and oppressive. (*Id.* at 12-13.) Defendants ask the Court to deny the Motion, issue a protective order, and award reasonable expenses incurred in opposing the Motion. (*Id.* at 3.)

### 1. Claims Handling Procedure Documents

Defendants' objection to production of claims handling procedure documents, based on the argument that the action should be bifurcated, is overruled because the Court recently denied the motion to bifurcate. Defendants argue that even if the case is not bifurcated, the Insureds may seek only that information that is relevant to their emotional damages. This argument overlooks the fact that the Motion to Compel was filed by both Ironshore *and* the Insureds as Plaintiffs. Ironshore seeks the information in support of the bad faith claim.

However, Defendants' objection to the production of the claims handling procedure documents on the bases that Requests No. 4 is overbroad is sustained. Plaintiffs' request for "[a]ll documents that relate to or comprise of Twin City's complete claims handling procedures for directors and officers insurance policies issued in California that were in force from 2006 up to the present" encompasses far more information than relevant to the policy at issue here. Claims files of *other* customers do not appear relevant. While some of the claims handling information is likely relevant, Plaintiffs must narrow the request to comport with Rule 26's relevancy requirement. The Motion is denied without prejudice as to this category of documents.

### 2. Reserves Information

While there is no absolute privilege for confidential information, *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 (1979), confidential information, including trade secrets, may be protected under Rule 26(c). In determining whether such information may be protected, the Court applies a burden-shifting approach. As explained by the Eighth Circuit:

> In light of the protection afforded to trade secrets by Rule 26(c)[], courts have attempted to reconcile the competing interests in trade secret discovery disputes. First, the party

---

[2] Defendants' responses to Ironshore's requests were due November 14, 2011. Thus, the Court assumes that Defendants' November 7, 2011 argument regarding whether Ironshore has standing to challenge the sufficiency of responses and move to compel further responses before such responses are due is moot. Neither party has filed anything indicating that this controversy is resolved, leading the Court to conclude it is not.

opposing discovery must show that the information is a "trade secret or other confidential research, development, or commercial information" under Rule 26(c)[] and that its disclosure would be harmful to the party's interest in the property. The burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial. [¶] If the party seeking discovery shows both relevance and need, the court must weigh the injury that disclosure might cause to the property against the moving party's need for the information. If the party seeking discovery fails to show both the relevance of the requested information and the need for the material in developing its case, there is no reason for the discovery request to be granted, and the trade secrets are not to be revealed.

*In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991) (citations omitted).

The Court finds that Defendants have shown that the reserves information qualifies as "trade secret or other confidential research, development, or commercial information" under Rule 26(c)(1)(G), (Butler Decl. ¶¶ 4, 7-8), the disclosure of which would be harmful to Defendants. Plaintiffs fail to explain how this information is necessary to prepare the case for trial. Thus, the Court does not reach whether injury to Defendants caused by disclosure outweighs Plaintiffs' need for the information.

Plaintiffs' argument that a motion for protective order must be filed before the response deadline is not supported. While courts may consider this factor in analyzing the confidential nature of information, it is not dispositive. *See Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 619 (C.D. Cal. 2007) (reviewing whether defendant submitted any declarations or evidence, or whether defendant sought a protective order in support of its claim to proprietary information).

Defendants' confidentiality objection to disclosure of its reserves is sustained. By this Order, the reserves need not be disclosed pursuant to Rule 26(c)(1)(G). Defendants' request for fees and expenses is denied.

### III.   DISPOSITION

For the reasons set forth above, Defendants' unopposed motion for a Rule 16 Pretrial Conference and Appointment of Special Master is GRANTED. Plaintiffs' Motion to Compel is DENIED.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.